UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN DANIEL LEMIEUX<br><br>    Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA WHITE HOUSE,<br><br>    Defendant. | Case No. 24-cv-1056 (JMC) |

## **MEMORANDUM OPINION**

  Pro se Plaintiff Stephen Daniel Lemieux filed a civil complaint against Defendant United States of America White House. For the reasons discussed below, the Court **DISMISSES** the complaint for failure to comply with Federal Rule of Civil Procedure Rule 8(a)(2).

  Federal Rule of Civil Procedure 8(a)(2) requires civil complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not demand "detailed factual allegations," but it does require enough factual information "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These procedural requirements promote fairness in litigation—Rule 8(a) is intended to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Pleadings filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even pro se litigants must comply with the Federal Rules of Civil Procedure.

  Lemieux's complaint does not satisfy these requirements. The complaint consists of a paragraph with allegations that the Court cannot understand, including assertions that Lemieux

"ha[s] been killed and murder[e]d since [he was] two years old," that an unspecified "they" have "made all sheriff departments off of [him]," and that the White House "uses [his] computer to run America." ECF 1 at 2. The complaint does not reference a cause of action, nor do its factual assertions support one. In short, even construing the complaint liberally, the Court is unable to identify what cognizable harm Lemieux has suffered, who caused him that harm, and how the law entitles him to any relief.

Lemieux's complaint is therefore dismissed for failure to comply with Rule 8(a)(2). The Court acknowledges that dismissing a case *sua sponte* is an unusual step, but the Court has the authority to do so when plaintiffs fail to comply with procedural rules. *See, e.g.*, *Brown v. WMATA*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing a complaint *sua sponte* for failing to comply with Rule 8(a)); *Hamrick v. United States*, No. 10-cv-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (same); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim without prejudice for failure to comply with Rule 8(a)).

The Court will grant Lemieux leave to refile within 30 days (i.e., by May 16, 2024) an amended complaint that cures the existing deficiencies. But if he does not file an amended complaint within that timeframe, files an amended complaint that recycles the present complaint, or otherwise fails to comply with Rule 8, this action may be dismissed with prejudice. *Brown*, 164 F. Supp. 3d at 35. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: April 16, 2024